IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOJO SOLUTIONS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-3814-M |
| | § | |
| JOHNATHAN MITCHELL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Scojo Solutions, LLC has filed a motion to remand this civil action to Texas state court. For the reasons stated herein, the motion should be granted.

I.

This is a forcible detainer action brought by Plaintiff against Kiana Cooks and others seeking to evict defendants from certain property located at 915 Fairbanks in Duncanville, Texas (the "Fairbanks Property"). Plaintiff originally filed this action in the Justice of the Peace Court, Precinct 4, Place 1, in Dallas County, Texas. Defendants,[1] who are proceeding *pro se*, removed the case to federal court alleging that:

> This court has jurisdiction over this matter as it involves a state judicial *question*, the taking of real property without due process. Thus the requirements under 28 USC § 1332(c)(2)(A) are satisfied. The Removal was effectuated timely under either state/federal question or diversity jurisdiction.

Def. Not. of Rem. [Doc. #3] at 2 (emphasis in original). Plaintiff now moves to remand the case to state court on grounds that there is no basis for federal question jurisdiction and diversity jurisdiction

---

[1] Johnathan Mitchell was not named as a defendant in the state court action, but his name appears, along with Cooks's name, in the notice of removal and his signature appears on the pleading. *See* Def. Not. of Rem. [Doc. #3] at 1, 2-4, 12, 14.

does not exist because all parties are citizens of Texas and the amount in controversy does not exceed $75,000, exclusive of interest and costs. Defendants were ordered to file a response to the motion by October 12, 2012, *see* Order dated 9/28/12 [Doc. #8], but failed to do so. The court therefore decides the motion without a response.

II.

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). Where a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

A.

Defendants contend that federal jurisdiction is proper on the basis of diversity under 28 U.S.C. § 1332. *See* Def. Not. of Rem. at 2. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Courts have consistently held that the amount in controversy in a forcible detainer case is the value of the right to possess the property. *See, e.g. Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010) (citing cases). Here, the only evidence of the value of the right to possess the Fairbanks Property is the sworn complaint for eviction attached to the notice of removal, which alleges that the rent due under Defendants' lease is $750.00 per month and that Defendants failed to make their August 2012 payment. Def. Not. of Rem. at 7-8. Even if Defendants' failure to make

their monthly rent payments has continued since August 2012, they would owe Plaintiff far less than $75,000.00. The court therefore concludes that Defendants cannot satisfy the amount-in-controversy requirement necessary to establish federal diversity jurisdiction. *See Bank of New York Trust Co. N.A. v. Olds*, No. 3:08-CV-0630-K, 2008 WL 2246942 at *2 (N.D. Tex. May 30, 2008) (evidence that occupant owed more than $2,000 in past due rent, plus $470.36 per month for thirty months, was insufficient to satisfy amount-in-controversy requirement).

Furthermore, a case may not be removed to federal court on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Although Defendants have failed to adequately demonstrate the citizenship of any party, it appears that Cooks is a citizen of Texas because the property at issue is her residence. *See* Def. Not. of Rem. at 7. The civil cover sheet prepared by Defendants and filed with the notice of removal also indicates that Cooks is a Texas resident. *See id.* at 14. Defendants thus cannot remove the case to federal court on the basis of diversity jurisdiction. *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *3 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012); *Santana*, 2010 WL 5313734, at *1.

B.

Defendants also appear to allege that removal is proper on the basis of federal question jurisdiction. *See* Def. Not. of Rem. at 2. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The existence of a federal question must appear from a properly pleaded complaint. "[I]f, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 110 S.Ct.

1121 (1990). Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint] unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Roman v. Aviateca*, 120 F.3d 265 (Table), 1997 WL 420177 at *3 (5th Cir. Jun. 27, 1997), *cert. denied*, 118 S.Ct. 375 (1997), *quoting Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).

In this case, no federal question is presented because the forcible detainer action filed by Plaintiff seeking possession of the Fairbanks Property arises solely under Texas law. *See, e.g., Talley*, 2012 WL 4005910, at *2; *Olds*, 2008 WL 2246942 at *2. Defendants' conclusory and ambiguous assertions that removal is proper under "state/federal question" jurisdiction or because the case involves "a state judicial *question*, the taking of real property without due process" are wholly insufficient support the exercise of federal jurisdiction. *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10-CV-2143-L, 2010 WL 5441673, at *1 (N.D. Tex. Dec. 23, 2010) (assertion of federal claim by defendant in notice of removal will not support the exercise of federal question jurisdiction over state forcible entry and detainer action); *Olds*, 2008 WL 2246942 at *2 (same).

## RECOMMENDATION

Because Defendants have failed to satisfy their burden of showing that federal jurisdiction exists, the court should grant Plaintiff's motion [Doc. #5] and remand this case to the Justice of the Peace Court, Precinct 4, Place 1, in Dallas County, Texas.

SIGNED ON this 31st day of October 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE